

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SOUTHERN INSULATION, INC., *through its Receiver, Peter D. Protopapas*,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ONEBEACON INSURANCE GROUP, LTD., *Formerly known as* White Mountains Insurance Group, Ltd., *formerly known as* CGU Insurance Company, *formerly known as*, General Accident Insurance Company of America; ONEBEACON INSURANCE GROUP LLC, *now known as* Intact Insurance Group USA, LLC; R.V. CHANDLER & ASSOCIATES, INC.; CHANDLER RENTAL PROPERTIES, INC.; THOMAS S. CHANDLER; JEAN B. OWNBEY, *as Trustee of the Thomas S. Chandler, Sr. Living Trust u/d 4/06/06*; GENE N. NORVILLE; THE SOUTH CAROLINA PROPERTY AND CAUSUALTY INSURANCE GUARANTEE ASSOCIATION; TREBUCHET US HOLDINGS, INC.; TREBUCHET INVESTMENTS LIMITED; TREBUCHET GROUP HOLDINGS LIMITED, *formerly known as* Armour Group Holdings Limited; BRAD S. HUNTINGTON, *individually*; and JOHN C. WILLIAMS, *individually*;<br>　　　　　Defendants. | Civil Action No.: 3:22-01308-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

## I.   INTRODUCTION

Plaintiff Southern Insulation, Inc. (Southern), through its Receiver, Peter D. Protopapas (Protopapas) brought this lawsuit against the above-named Defendants in the Richland County Court of Common Pleas.

Defendants Trebuchet Investments Limited and Trebuchet Group Holdings Limited (collectively, Removing Defendants) subsequently removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Southern's motion to remand.  Having carefully considered the motion, the response, the reply, the surreply, the record, and the applicable law, it is the judgment of the Court Southern's motion will be granted.

## II.   FACTUAL AND PROCEDURAL HISTORY

Southern and Protopapas are citizens of South Carolina.  Defendants OneBeacon Insurance Group, Ltd. and OneBeacon Insurance Group, LLC; Trebuchet US Holdings, Inc.; Brad S. Huntington; John C. Williams; and Removing Defendants (collectively Diverse Defendants), are citizens of states other than South Carolina.  Defendants South Carolina Property and Casualty Insurance Guaranty Association (the Association); R.V. Chandler and Associates, Inc.; Chandler Rental Properties, Inc.; Thomas S. Chandler; Jean B. Ownbey; and Gene N. Norville (collectively, Remaining Defendants) are citizens of South Carolina.  The Association is also a citizen of all the states of all the insurance companies who write insurance in South Carolina.

Southern filed this motion to remand.  Removing Defendants responded and Southern replied.  Removing Defendants subsequently filed a surreply addressing arguments raised for the

first time in the reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a).

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332. Neither party alleges the existence of a federal question, so if this case is removable, it must be under the diversity statute. Complete diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Section "1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988).

"Jurisdictional rules direct judicial traffic.  They function to steer litigation to the proper forum with a minimum of preliminary fuss."  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).  "The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper.  To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules."  *Id.*

The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated."  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151).  "If federal jurisdiction is doubtful, a remand [to state court] is necessary.'"  *Mulcahey*, 29 F.3d at 151.

### IV.    DISCUSSION AND ANALYSIS

Southern insists that because Plaintiff and some Defendants are citizens of South Carolina, diversity jurisdiction is nonexistent.  Removing Defendants maintain the Court should hold Southern fraudulently misjoined the Remaining Defendants in this case, sever and remand those Defendants, and exercise diversity jurisdiction over the Diverse Defendants.

Fraudulent misjoinder—as distinct from fraudulent joinder—seeks to prevent plaintiffs from improperly joining viable claims against unrelated parties in the same suit.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  "In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has no real connection with the controversy involving the claims that would qualify for diversity jurisdiction."  *Id.* (internal quotation marks omitted).

The Fourth Circuit has so far failed to adopt or reject the doctrine.  The circuit courts to address this issue are divided.  *Compare Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360

4

(11th Cir. 1996) (adopting the doctrine to protect a defendant's "right of removal"), *with Williams v. Homeland Ins. Co.*, 18 F.4th 806 (5th Cir. 2021) (rejecting the doctrine); *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d at 621–22 (declining to adopt or reject the doctrine, but noting "[c]ourts' reactions to *Tapscott* have been mixed").

In *Williams*, the Fifth Circuit reasoned that the doctrine of fraudulent misjoinder "upends [the] rules on removal" by "allowing a federal district court to engage in significant procedural wrangling in order to *create* jurisdiction[.]"  18 F.4th at 816.  It determined that "[s]tate courts (courts of *general* jurisdiction) are certainly able to address these [procedural] issues, and respecting state court resolution of state law issues is a bedrock principle of our federal system."  *Id*.  The court also notes that lower courts have received *Tapscott* unfavorably "[f]or good reason: it's a usurpation of the traditional ability of state courts to resolve procedural questions central to the administration of their cases."  *Id.*

The Fourth Circuit emphasizes that the removal statutes must be strictly construed.  *Dixon*, 369 F.3d at 816.  The Court determines the reasoning in *Williams* is consistent with Fourth Circuit jurisprudence and thus refrains from adopting the fraudulent misjoinder doctrine.

The Court declines, as Removing Defendants suggest, to sever this action into sets of diverse and non-diverse defendants, retaining subject-matter jurisdiction over the diverse defendants and remanding the rest.  Such a Frankensteinian approach would undermine the goals of comity and federalism that underlie the limited exercise of subject-matter jurisdiction by federal courts.

In the absence of application of the fraudulent misjoinder doctrine, the parties in this case are nondiverse.  Accordingly, the Court must remand this matter to state court.  Because the Court's rejection of the fraudulent misjoinder doctrine is dispositive, the Court need not address

the parties' other arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## V.     CONCLUSION

For the reasons stated above, Southern's motion to remand is **GRANTED**. All other motions are **DEEMED AS MOOT**.

   **IT IS SO ORDERED.**

Signed this 8th day of November 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE